UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MUHAMMAD ANWAR,

                    Plaintiff,

    -against-

CHRISTOPHER STEPHENS, d/b/a 7-ELEVEN, and
ATTAULLAH KHAN, an individual,

                    Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

Plaintiff, MUHAMMAD ANWAR ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against CHRISTOPHER STEPHENS, d/b/a 7-Eleven ("Stephens"), and ATTAULLAH KHAN, an individual ("Khan"), (collectively as "Defendants" or "7-Eleven"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, NYLL § 652(1); (v) the NYLL's requirement that employers pay wages to their employees pursuant to the terms of employment, NYLL §§ 190, 191, and 663(1); (vi) the NYLL's requirement that employers pay their employees an additional

1

one hour's pay at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652; 12 NYCCRR § 142-2.4; (vii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. The 7-Eleven franchise at issue in this lawsuit has been blessed with an abundance of wealth and good fortune, it being the highest grossing 7-Eleven in all of America. Despite this fact, Defendants, the owner and head manager of this store, persisted in nickel-and-diming their employees, oftentimes paying them at amounts more properly measured in, literally, nickels and dimes. Plaintiff is a former employee of this 7-Eleven who worked there from June 13, 2011 until in or around June of 2015. Starting in or around January of 2012 and continuing through June of 2013[1], although Plaintiff worked at least eighty hours per week, Defendants arbitrarily adjusted Plaintiff's hours worked each week so as to avoid paying him anything for the overwhelming majority of his hours worked. The result is that during this time, Defendants neither paid Plaintiff at the minimum wage or his regular rate for most of his hours worked up to forty each week nor at his overtime rate for hours worked in excess of forty. Moreover, when Plaintiff's effective hourly rate of pay fell below the minimum wage rate and his spread of hours for the day exceeded ten, Defendants completely failed to pay him his extra one hour's pay at the minimum wage rate. In addition to the above, Defendants failed to provide Plaintiff with proper wage statements on each payday as the NYLL requires.

---

[1] In late June of 2013, Defendants changed how they paid Plaintiff, a decision which was likely prompted by the Federal Bureau of Investigation's raid of fourteen 7-Elevens across Long Island and in Virginia for their practices of, among other things: (1) requiring their employees to work more than 100 hours per week; and (2) only paying their employees for a fraction of that time worked. *See* Mosi Secret and William K. Rashbaum, *U.S. Seizes 14 7-Eleven Stores in Immigration Raids*, NYTIMES (June 17, 2013), http://www.nytimes.com/2013/06/18/nyregion/us-seizes-14-7-eleven-stores-in-immigration-raids.html?_r=0.

2

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

5. At all relevant times, Plaintiff was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA and the NYLL.

6. At all relevant times, Defendant Stephens was the owner and day-to-day overseer of a franchised 7-Eleven located at 653 Montauk Highway, Montauk, New York 11954.

7. At all relevant times, Defendant Khan was the head store manager and the day-to-day overseer for the franchised 7-Eleven located at 653 Montauk Highway, Montauk, New York 11954.

8. At all relevant times, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendants' qualifying annual business exceeded $500,000 and Defendants were engaged in interstate commerce within the meaning of the FLSA as they used and sold products and food in the course of their business, much of which originated in states other than New York, the combination of which subjects Defendants to the FLSA's minimum wage and overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiff, were individually engaged in interstate commerce as they all

routinely used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the requirements of the FLSA with respect to Plaintiff.

## BACKGROUND FACTS

9. Defendant Stephens was the owner and day-to-day overseer of a franchised 7-Eleven located at 653 Montauk Highway, Montauk, New York 11954 (the "7-Eleven"). This 7-Eleven has been publically recognized as the highest grossing 7-Eleven in all of America.

10. Defendant Khan was the head store manager and the day-to-day overseer for this 7-Eleven.

11. Both Defendant Khan and Defendant Stephens worked closely together to oversee and manage the 7-Eleven. Indeed, both Defendants were responsible for determining Plaintiff's rates and methods of pay and his hours worked. Furthermore, both Defendants had hiring and firing power and together they determined whether or not to hire and/or fire Plaintiff.

12. On or around June 13, 2011, Defendants hired Plaintiff as a manager for this 7-Eleven. Initially, Plaintiff worked at least fifty hours per week, for which Defendants paid him a weekly salary of $1,000.00.

13. Defendants' wage violations occurred between in or around January of 2012 until in or around late June of 2013.

14. At the beginning of this time, Defendants arbitrarily converted Plaintiff from a salaried employee ($1,000.00 per week) to an hourly employee ($25.00 per hour) and substantially increased Plaintiff's hours, requiring him to work at least eighty hours every week.

15. During this time period, Plaintiff worked every day of the week. Although the start and end time for Plaintiff's shifts varied on a week-by-week basis, Defendants always required him to work at least eighty hours per week without an uninterrupted break.

4

16. However, to avoid paying Plaintiff his lawfully due wages, Defendants arbitrarily adjusted Plaintiff's hours worked at the end of each week. The amount of hours that Defendants whimsically chose to pay Plaintiff would always be below the at least eighty hours that Plaintiff was actually working each week.

17. For example, from December 7, 2012 to December 13, 2012, Plaintiff worked eighty hours during this week, working over ten hours each day of the week. Despite this fact, as reflected on his paystubs, Defendants only paid Plaintiff for six hours' worth of work, paying him $150.00 total for this week. In doing so, Defendants completely failed to pay Plaintiff at any rate of pay for his hours worked in excess of six that week. Moreover, Defendants failed to compensate Plaintiff with an additional hours' worth of pay at the minimum wage rate for the seven days when his spread of hours exceeded ten.

18. For another example, from February 22, 2013 to February 28, 2013, Plaintiff worked eighty hours during this week, working every day of the week. Despite this fact, Defendants only paid him for twenty-four hours' worth of work, paying him $600.00 total for this week. In doing so, Defendants completely failed to pay Plaintiff at any rate of pay for his hours worked in excess of twenty-four that week.

19. Up until late June of 2013, Defendants' pay practices continued in this arbitrary manner, with them failing to pay Plaintiff at his proper overtime rate of pay for the vast majority of his hours worked over forty in a workweek and with them oftentimes failing to pay him at even the minimum wage rate of pay or his regular rate of pay for the vast majority of his hours worked up to forty.

20. In or around late June of 2013, the Federal Bureau of Investigation raided fourteen 7-Elevens across Long Island and in Virginia for their practices of, among other things:

5

(1) requiring their employees to work more than 100 hours per week; and (2) only paying their employees for a fraction of that time worked.

21. Although Defendants' 7-Eleven was not one of the stores raided, Defendants changed their pay practices almost immediately following this raid. And, following this date, Defendants reduced Plaintiff's hourly rate of pay to $16.00, they started paying him overtime wages, and they substantially reduced his weekly hours worked. Plaintiff worked for Defendants until June of 2015.

22. Defendants paid Plaintiff on a weekly basis.

23. On each occasion when they paid Plaintiff from January of 2012 until June of 2013, Defendants intentionally failed to provide him with proper wage statements accurately reflecting the amount of hours that he worked.

24. Defendants acted in the manor described herein so as to maximize their profits while minimizing their labor costs.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. 29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

27. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

28. Plaintiff worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

6

29. Defendants willfully violated the FLSA.

30. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his proper rate of pay.

31. Plaintiff is also entitled to liquidated damages, and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the FLSA*

32. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. 29 U.S.C. § 206 requires employers to compensate their employees at a rate not less than the federally-mandated minimum wage.

34. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

35. Defendants failed to compensate Plaintiff in accordance with the FLSA's minimum wage provisions.

36. Defendants willfully violated the FLSA.

37. At the least, Plaintiff is entitled to pay at the minimum wage rate for all hours worked.

38. Plaintiff is also entitled to liquidated damages, and attorneys' fees for Defendants' violation of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

7

40. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

41. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

42. Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the NYLL's and the NYCCRR's overtime provisions.

43. Defendants willfully violated the NYLL and the NYCCRR.

44. Plaintiff is entitled to his overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his proper regular rate of pay.

45. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages under the NYLL and the NYCCRR*

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

48. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

49. Defendants failed to compensate Plaintiff for all hours worked in accordance with the NYLL's minimum wage provisions.

50. Defendants willfully violated the NYLL and the NYCCRR.

51. At the least, Plaintiff is entitled to pay at the minimum wage rate for all hours worked each week.

52. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Wages in Violation of the NYLL*

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

54. NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

55. Defendants failed to compensate Plaintiff at his regular rate of pay for each hour that he worked in accordance with his terms of employment.

56. Defendants' actions were in willful violation of the NYLL.

57. Plaintiff is entitled to recover, at his regular rate of pay, for all hours that he worked for Defendants but for which he was not compensated.

58. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay him his wages in accordance with the agreed terms of employment.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 652 and 12 NYCCRR § 142-2.4 provide that an employee whose effective pay rate is at the minimum wage shall receive one additional hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

9

61. Defendants willfully failed to provide Plaintiff with spread of hours pay when Plaintiff's spread of hours exceeded ten hours for a particular workday.

62. Plaintiff is entitled to this extra hour of pay, at the minimum wage rate, for all days in which he worked in excess of ten hours.

63. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay Plaintiff the required spread of hours pay.

### SEVENTH CLAIM FOR RELEIF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

66. Defendants willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required by the NYLL.

67. Pursuant to NYLL § 198, Defendants are liable to Plaintiff for statutory damages for each failure of this sort.

### DEMAND FOR A JURY TRIAL

68. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws.

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against any individual for participating in this lawsuit in any form;

d. All damages that Plaintiff has sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

e. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

f. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

g. Pre-judgment and post-judgment interest, as provided by law; and

    h.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: July 30, 2015
       Great Neck, New York

          Respectfully submitted,
          BORRELLI & ASSOCIATES, P.L.L.C.
          *Attorneys for Plaintiff*
          1010 Northern Boulevard, Suite 328
          Great Neck, New York 11021
          Tel. (516) 248-5550
          Fax. (516) 248-6027

By: _____
          TODD DICKERSON (TD 0372)
          ALEXANDER T. COLEMAN (AC 8151)
          MICHAEL J. BORRELLI (MB 8533)