UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
MUHAMMAD ANWAR,

                          Plaintiff,

                                     MEMORANDUM & ORDER
       -against-                    15-CV-4493(JS)(GRB)

CHRISTOPHER STEPHENS, d/b/a 7-ELEVEN,
and ATTAULLAH KHAN,

                          Defendants.
-----------------------------------------X
APPEARANCES
For Plaintiff:       Alexander T. Coleman, Esq.
                    Michael J. Borrelli, Esq.
                    Todd Dickerson, Esq.
                    Michael R. Minkoff, Esq.
                    Borrelli & Associates, PLLC
                    1010 Northern Blvd., Suite 328
                    Great Neck, NY 11021

For Defendants:      Kyle T. Pulis, Esq.
                    Scott Michael Mishkin PC
                    One Suffolk Square, Suite 240
                    Islandia, NY 11749

SEYBERT, District Judge:

        On September 15, 2016, plaintiff Muhammad Anwar ("Plaintiff") filed a Notice of Acceptance of defendants Christopher Stevens, d/b/a 7-Eleven and Attaullah Khan's (collectively "Defendants") offer of judgment pursuant to Federal Rule of Civil Procedure 68 in this Fair Labor Standards Act ("FLSA") case.  (Notice, Docket Entry 26.)  For the reasons set forth below, the Clerk of the Court is directed to enter judgment in favor of Plaintiff and mark this case CLOSED.

Settlement agreements that provide for the dismissal of FLSA claims with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A) must be approved by the district court or the Department of Labor in order to take effect. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."). However, the Second Circuit has not addressed whether judicial approval is required when the parties seek dismissal of an FLSA case after the plaintiff accepts a Rule 68 offer of judgment.

The majority of district courts in this Circuit have held that judicial approval is not required for Rule 68 offers of judgment. See Arzeno v. Big B World, Inc., 317 F.R.D. 440, 441 (S.D.N.Y. Nov. 22, 2016) (holding that requiring judicial approval of Rule 68 offers "would constitute a judicial rewriting of Rule 68") (collecting cases). See also Pest v. Express Contracting Corp. of Great Neck, --- F. Supp. 3d ----, 2016 WL 6518577, *1 (E.D.N.Y. 2016); Baba v. Beverly Hills Cemetery Corp., No. 15-CV-5151, 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016); Barnhill v. Fred Stark Estate, No. 15-CV-3360, 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015). But see Sagardia v. AD Delivery & Warehousing, Inc., No. 15-CV-0677, 2016 WL 4005777, at *1 (E.D.N.Y. Jul. 25, 2016) (assuming that Cheeks applies to Rule 68 offers of judgment

2

and concluding that the offer of judgment was fair and reasonable). This Court concurs with the majority and declines to "ignore the mandatory language of Rule 68." Pest, 2016 WL 6518577, at *1; FED. R. CIV. P. 68(a) (stating that "[t]he clerk must . . . enter judgment" after an offer is accepted). Accordingly, the Clerk of the Court is directed to enter judgment in favor of Plaintiff in the amount of $199,500.00 and mark this case CLOSED.

CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to enter judgment in favor of Plaintiff in the amount of $199,500.00 and mark this case CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February   2  , 2017
       Central Islip, New York